Caldwell v. The People.

Heard in this court at the May term, 1896.  Affirmed.  Opinion filed November 21, 1896.

WELTY & STERLING, attorneys for appellant.

J. J. MORRISSEY, attorney for appellee.

---

## Joseph R. Caldwell v. People of the State of Illinois.

1.  CRIMINAL LAW—*Bucket Shop—Intention of the Keeper Immaterial.*—Under the act to suppress bucket shops it is not necessary to show the intention of the keeper of the place to bring the business within the prohibition of the statute.  It is no longer possible in this State, under any shift or device, however specious, to keep a place where parties may, under the pretense of buying or selling grain or other produce, engage in speculation in futures and gamble upon the rise and fall of the market.

Indictment, for keeping a bucket shop.  Error to the Circuit Court of Adams County; the Hon. OSCAR P. BONNEY, Judge, presiding.  Heard in this court at the May term, 1896.  Affirmed.  Opinion filed November 21, 1896.

GOVERT & PAPE and PENICK & WALL, for plaintiff in error.

A. AKERS, State's Attorney, for defendant in error; M. L. NEWELL, Assistant Attorney-General, of counsel.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The plaintiff in error was indicted for violating " An act to suppress bucket shops," etc. By consent a jury was waived and the issues were submitted to the court resulting in a finding of guilty and the imposition of a fine of $200. Many objections are urged as to the ruling of the court in admitting and excluding testimony and in giving, refusing and modifying propositions of law. The mere statement in detail of all these objections would require much time and space.

We are of opinion the evidence clearly warrants the judgment of conviction, and conceding that some technical error may be found as to the admission of evidence, yet as the cause was tried by the court it must be presumed that only such evidence as was competent was considered. We find no substantial error as to evidence rejected. As to propositions of law no error appears. While many such propositions asked on behalf of plaintiff in error were refused, yet there is no just cause of complaint in that respect because all that was proper and necessary for consideration in them will be found in those held at his instance.

It is urged as error that the court refused to quash the indictment.

The abstract does not set out either count of the indictment in full.

From the very condensed statement of each count so given it is not apparent that any necessary averment was omitted.

The chief objection urged is that it is not averred that the defendant intended to commit the offense laid to his charge. This seems to be fully met by the view taken of the statute in the case of Soby v. The People, 134 Ill. 66.

The court say that the legislature evidently intended to close, suppress and prohibit the keeping of places where the practice of bucket shopping or gambling in the commodities named is permitted, and remark in conclusion : "We are of opinion that it is no longer possible in this State under any shift or device, however specious, to keep an office or other place where parties may, under the pretense of buying or selling grain or other produce, engage in speculation in futures and gamble upon the rise and fall of the market, and we have seen the legislature have, as they might, rendered it unnecessary to show the intention of the keeper of the office or place to bring the transaction within the prohibition of the statute." The construction thus put upon the statute answers in the main the objection taken to the sufficiency of the evidence. We are satisfied that the conviction is right and that no material error was committed. The judgment will be affirmed.